PER CURIAM:
The claimant brought this action for damage to her 1995 Pontiac Grand Prix, after encountering a hole along the edge of a road maintained by the respondent in Mason County. The Court is of the opinion to make a comparative award to the claimant as stated more fully below.
The incident giving rise to this claim occurred on June 20, 1997, at approximately 9:35 p.m. The claimant, her husband, and their child were traveling southbound on WV Route 2 in the vicinity of Gallipolis Ferry. The claimant’s husband, Larry Sayre, was driving. Route 2 in this area is a well-traveled, two-lane, paved road. The weather was dark, but clear. The evidence adduced at hearing was that the claimant’s vehicle encountered a large depression on the edge of the pavement along the berm. The vehicle sustained two bent rims and two flat tires on the passenger side. The claimant submitted into evidence repair bills in the amount of $908.80. The claimant carried liability insurance only.
Mr. Sayre testified that he was driving approximately 40 miles per hour and that traffic was normal. The hole in question was located approximately 50 feet past a railroad crossing. The hole was described as running approximately seven feet along the edge of the pavement and extended into part of the outside white line denoting the edge of the travel portion of the lane. The claimant submitted into evidence a number of photographs and a video tape establishing that the hole was of significant length and was approximately six to eight inches in depth. It was the respondent’s position that it had no prior notice of the hole in question.
It is well established that in order to hold the respondent liable for road defects of this nature, the claimant must establish that the respondent had actual or constructive notice. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986) The Court is of the opinion that a defect of this size would have developed over a significant amount of time and that the respondent had reason to *119 know of the hole in question and had a reasonable opportunity to take remedial action. However, the Court also finds that the driver was 40 percent at fault for failing to adequately maintain control. Therefore, in view of the foregoing and in accordance with the established principles of comparative fault, the Court makes a 60 percent award to the claimant in the amount of $545.28 for the damages to her vehicle.
Award of $545.28.